**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4823**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOHNNIE O'NEIL LEWIS,

              Defendant -  Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:09-cr-00368-F-1)

Submitted:  September 29, 2011       Decided:  October 20, 2011

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George  E.  B.  Holding,  United  States  Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie O'Neil Lewis pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of 120 months of imprisonment. Lewis appeals his sentence, contending that the district court erred in (1) failing to explain its award of recency points, U.S. Sentencing Guidelines Manual § 4A1.1(e) (2009), and (2) finding that he qualified for base offense level 24 under USSG § 2K2.1(a)(2) because of two predicate convictions, one of which was a 2008 North Carolina drug trafficking conviction. In light of our recent decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we agree with Lewis that the 2008 drug trafficking conviction does not qualify as a felony conviction. Accordingly, we vacate the sentence and remand for resentencing.

At sentencing, the district court awarded two criminal history points under USSG § 4A1.1(e) for recency, as the Guidelines then required, and declined to vary below the Guidelines range in anticipation of the 2010 amendment that was expected to, and later did, eliminate recency points. In response to Lewis' recency objection, the court clarified that the amendment had not yet passed and would go into effect provided Congress approved it. The court then expressly

2

overruled Lewis' objection. After reviewing the record, we find that the district court did not err in its application of the recency Guidelines and adequately considered Lewis' argument. See Rita v. United States, 551 U.S. 338, 357–58 (2007) (ruling that a sentencing court must address any nonfrivolous argument for imposing a different sentence).

At sentencing, Lewis also objected to the base offense level of 24 on the ground that his 2008 drug trafficking conviction did not expose him to a sentence of more than one year of imprisonment. See § 2K2.1 cmt. n.1 (defining felony conviction). Lewis maintained that the base offense level should be 20, pursuant to § 2K2.1(a)(4). The district court followed United States v. Harp, 406 F.3d 242 (4th Cir. 2005), overruled Lewis' objection, and sentenced him within his Guidelines range to a term of 120 months imprisonment. Harp has since been overruled by Simmons, which held that, under the North Carolina structured sentencing scheme, see N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009), the evaluation of whether a particular conviction was a felony must focus on the maximum sentence for which a particular defendant was eligible, based on his own criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at __, 2011 WL 3607266, at *6.

Judged by this standard, Lewis' 2008 conviction does not qualify as a felony.  Resentencing is thus required.

We therefore affirm Lewis' conviction, vacate his sentence, and remand for resentencing consistent with <u>Simmons</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

4